MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ARNOLDO TEPALE, *individually and on*
*behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
| 245 GOURMET FOOD INC.  (D/B/A CAFE 28) and EUI CHUN WHANG, | **29 U.S.C. § 216(b)** |
|  | **ECF Case** |
| *Defendants*. |  |

-------------------------------------------------------X

    Plaintiff Arnoldo Tepale ("Plaintiff Tepale" or "Mr. Tepale"), individually and on behalf

of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C.,

upon his knowledge and belief, and as against 245 Gourmet Food Inc. (d/b/a Cafe 28), ("Defendant

Corporation") and Eui Chun Whang, ("Individual Defendant"), (collectively, "Defendants"),

alleges as follows:

## <u>NATURE OF ACTION</u>

    1.      Plaintiff Tepale is a former employee of Defendants 245 Gourmet Food Inc. (d/b/a

Cafe 28) and Eui Chun Whang.

    2.       Defendants own, operate, or control a deli, located at 245 5th Ave, New York, NY

10016 under the name "Cafe 28".

3.      Upon information and belief, individual Defendant Eui Chun Whang, serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the deli as a joint or unified enterprise.

4.      Plaintiff Tepale was employed as a deli man at the deli located at 245 5th Ave, New York, NY 10016.

5.      At all times relevant to this Complaint, Plaintiff Tepale worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Tepale appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.Defendants' conduct extended beyond Plaintiff Tepale to all other similarly situated employees.

8.At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Tepale and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9.      Plaintiff Tepale now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10.     Plaintiff Tepale seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Tepale's state law claims under 28 U.S.C. § 1367(a).

12.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a deli located in this district. Further, Plaintiff Tepale was employed by Defendants in this district.

## PARTIES

*Plaintiff*

13.     Plaintiff Arnoldo Tepale ("Plaintiff Tepale" or "Mr. Tepale") is an adult individual residing in Bronx County, New York.

14.     Plaintiff Tepale was employed by Defendants at Cafe 28 from approximately 2004 until on or about March 16, 2020.

15.     Plaintiff Tepale consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16.     At all relevant times, Defendants owned, operated, or controlled a deli, located at 245 5th Ave, New York, NY 10016 under the name "Cafe 28".

17.     Upon information and belief, 245 Gourmet Food Inc. (d/b/a Cafe 28) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 245 5th Ave, New York, NY 10016.

18.     Defendant Eui Chun Whang is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Eui Chun Whang is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Eui Chun Whang possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Tepale, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

19.     Defendants operate a deli located in the Rose Hill neighborhood in Manhattan.

20.     Individual Defendant, Eui Chun Whang, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

21.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

22.     Each Defendant possessed substantial control over Plaintiff Tepale's (and other similarly situated employees') working conditions, and over the policies and practices with respect

to the employment and compensation of Plaintiff Tepale, and all similarly situated individuals, referred to herein.

23.     Defendants jointly employed Plaintiff Tepale (and all similarly situated employees) and are Plaintiff Tepale's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

24.     In the alternative, Defendants constitute a single employer of Plaintiff Tepale and/or similarly situated individuals.

25.     Upon information and belief, Individual Defendant Eui Chun Whang operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e)  operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of his own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

26.     At all relevant times, Defendants were Plaintiff Tepale's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Tepale, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Tepale's services.

27.     In each year from 2015 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

28.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the deli on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

29.     Plaintiff Tepale is a former employee of Defendants who was employed as a deli man.

30.     Plaintiff Tepale seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Arnoldo Tepale*

31.     Plaintiff Tepale was employed by Defendants from approximately 2004 until on or about March 16, 2020.

32.     Defendants employed Plaintiff Tepale as a deli man and a cook.

33.     Plaintiff Tepale regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

34.     Plaintiff Tepale's work duties required neither discretion nor independent judgment.

35.     Throughout his employment with Defendants, Plaintiff Tepale regularly worked in excess of 40 hours per week.

36.     From approximately July 2015 until on or about December 31, 2018, Plaintiff Tepale worked from approximately 6:00 a.m. until on or about 4:00 p.m., 6 days a week (typically 60 hours per week).

37.     From approximately January 1, 2018 until on or about December 31, 2019, Plaintiff Tepale worked from approximately 6:00 a.m. until on or about 3:30 p.m., 6 days a week (typically 57 hours per week).

38.     From approximately January 1, 2020 until on or about March 16, 2020, Plaintiff Tepale worked from approximately 7:00 a.m. until on or about 3:30 p.m., 6 days a week (typically 51 hours per week).

39.     Throughout his employment, Defendants paid Plaintiff Tepale his wages in cash.

40.     From approximately July 2015 until on or about December 31, 2018, Defendants paid Plaintiff Tepale a fixed salary of $540 per week.

41.     From approximately January 1, 2019 until on or about March 16, 2020, Defendants paid Plaintiff Tepale a fixed salary of $670 a week.

42.     For approximately 2 days, Defendants did not pay Plaintiff Tepale any wages for his work.

43.     Although Plaintiff Tepale was required to keep track of his time, Defendants required him to record fewer hours than he actually worked. As a result, Plaintiff Tepale was not compensated for all of the hours that he worked.

44.     On a number of occasions, Defendants required Plaintiff Tepale to sign a document, the contents of which he was not allowed to review in detail.

45.    In addition, in order to get paid, Plaintiff Tepale was required to sign a document in which Defendants misrepresented the hours that he worked per week.

46.    Defendants took improper and illegal deductions from Plaintiff Tepale's wages; specifically, Defendants deducted sums of money from Plaintiff Tepale's weekly wages for arriving late.

47.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Tepale regarding overtime and wages under the FLSA and NYLL.

48.    Defendants did not provide Plaintiff Tepale an accurate statement of wages, as required by NYLL 195(3).

49.    Defendants did not give any notice to Plaintiff Tepale, in English and in Spanish (Plaintiff Tepale's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

50.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Tepale (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

51.    Plaintiff Tepale was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

52.    Defendants' pay practices resulted in Plaintiff Tepale not receiving payment for all his hours worked, and resulted in Plaintiff Tepale's effective rate of pay falling below the required minimum wage rate.

53.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Tepale worked.

54.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

55.     On a number of occasions, Defendants required Plaintiff Tepale to sign a document the contents of which he was not allowed to review in detail.

56.     Defendants required Plaintiff Tepale to sign a document that reflected inaccurate or false hours worked.

57.     Defendants paid Plaintiff Tepale his wages in cash.

58.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

59.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Tepale (and similarly situated individuals) worked, and to avoid paying Plaintiff Tepale properly for his full hours worked.

60.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

61.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Tepale and other similarly situated former workers.

62.     Defendants failed to provide Plaintiff  Tepale and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that

payment of wages; name of employee; name of employer; address and phone number of employer;

rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece,

commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum

wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number

of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

63.     Defendants failed to provide Plaintiff Tepale and other employees, at the time of

hiring and on or before February 1 of each subsequent year, a statement in English and the

employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by

the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of

the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by

the employer; the name of the employer; any "doing business as" names used by the employer; the

physical address of the employer's main office or principal place of business, and a mailing address

if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

64.      Plaintiff Tepale brings his FLSA overtime compensation and liquidated damages

claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all

similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by

Defendants or any of them, on or after the date that is three years before the filing of the complaint

in this case (the "FLSA Class Period").

65.     At all relevant times, Plaintiff Tepale and other members of the FLSA Class were

similarly situated in that they had substantially similar job requirements and pay provisions, and

have been subject to Defendants' common practices, policies, programs, procedures, protocols and

plans including willfully failing and refusing to pay them the required overtime pay at a one and

one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

66.     The claims of Plaintiff Tepale stated herein are similar to those of the other employees.

<h2 style="text-align:center"><u>FIRST CAUSE OF ACTION</u></h2>

<h3 style="text-align:center">VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA</h3>

67.     Plaintiff Tepale repeats and realleges all paragraphs above as though fully set forth herein.

68.     At all times relevant to this action, Defendants were Plaintiff Tepale's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Tepale (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

69.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

70.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

71.     Defendants failed to pay Plaintiff Tepale (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

72.     Defendants' failure to pay Plaintiff Tepale (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

73.     Plaintiff Tepale (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

74.     Plaintiff Tepale repeats and realleges all paragraphs above as though fully set forth herein.

75.     Defendants' failure to pay Plaintiff Tepale (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

76.     Plaintiff Tepale (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

77.      Plaintiff Tepale repeats and realleges all paragraphs above as though fully set forth herein.

78.     At all times relevant to this action, Defendants were Plaintiff Tepale's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Alatorre, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

79.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Tepale less than the minimum wage.

80.     Defendants' failure to pay Plaintiff Tepale the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

81.     Plaintiff Tepale was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

**OF THE NEW YORK STATE LABOR LAW**

82.      Plaintiff Tepale repeats and realleges all paragraphs above as though fully set forth herein.

83.      Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Tepale overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

84.      Defendants' failure to pay Plaintiff Tepale overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

85.      Plaintiff Tepale was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

86.      Plaintiff Tepale repeats and realleges all paragraphs above as though fully set forth herein.

87.      Defendants failed to provide Plaintiff Tepale with a written notice, in English and in Spanish (Plaintiff Tepale's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

88.     Defendants are liable to Plaintiff Tepale in the amount of $5,000, together with costs and attorneys' fees.

### SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

89.      Plaintiff Tepale repeats and realleges all paragraphs above as though fully set forth herein.

90.     With each payment of wages, Defendants failed to provide Plaintiff Tepale with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

91.     Defendants are liable to Plaintiff Tepale in the amount of $5,000, together with costs and attorneys' fees.

### SEVENTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

### OF THE NEW YORK LABOR LAW

92.      Plaintiff Tepale repeats and realleges all paragraphs above as though set forth fully herein.

93.     At all relevant times, Defendants were Plaintiff Tepale's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

94.     Defendants made unlawful deductions from Plaintiff Tepale's wages; specifically, Defendants deducted time from Plaintiff Tepale's weekly wages for arriving late.

95.     The deductions made from Plaintiff Tepale's wages were not authorized or required by law.

96.     Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Tepale's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

97.     Plaintiff Tepale was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Tepale respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Tepale and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Tepale and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Tepale's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Tepale and the FLSA Class members;

(f)     Awarding Plaintiff Tepale and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Tepale and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Alatorre;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Tepale;

(j)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Tepale's compensation, hours, wages and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Tepale;

(l)     Awarding Plaintiff Tepale damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as, applicable

(m)     Awarding Plaintiff Tepale damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

- 16 -

(n)     Awarding Plaintiff Tepale liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation, shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiff Tepale and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiff Tepale and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Tepale demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

July 12, 2021

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# MICHAEL FAILLACE & ASSOCIATES, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

June 30, 2021

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. **(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                         Arnoldo Tepale
Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:              30 de junio 2021