UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARNOLDO TEPALE, *individually and on behalf of others similarly situated*,

                Plaintiff,

– against –

245 GOURMET FOOD INC., d/b/a CAFE 28, and EUI CHUN WHANG,

                Defendants.

**ORDER**

21 Civ. 5950 (ER)

Ramos, D.J.:

    Arnoldo Tepale brought this collective action on July 12, 2021, against defendants 245 Gourmet Food Inc. (d/b/a Cafe 28) and Eui Chun Whang, alleging violations of the Fair Labor Standards Act ("FLSA"), various provisions of New York Labor Law ("NYLL"), and the supporting New York State Department of Labor regulations. Doc. 1. Tepale alleges that Defendants failed to pay him the lawful minimum wage and overtime compensation, failed to provide proper wage notices and wage statements, and improperly deducted his wages. Before the Court is the parties' motion for settlement approval. Doc. 17. For the following reasons, the motion for settlement approval is GRANTED.

### I. LEGAL STANDARD

    In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (citation omitted). In determining whether the proposed settlement is fair and reasonable, "a court should consider the totality of circumstances,

including but not limited to the following factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Id.* (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). Courts may reject a proposed FLSA settlement where the parties do not provide the basis for the recovery figure or documentation supporting the reasonableness of the attorneys' fees, or if the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases.  *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), *cited with approval in Cheeks*, 796 F.3d at 205–06.

## II.   DISCUSSION

### A.   Range of Recovery

The proposed settlement agreement provides for a recovery of $24,000.  Doc. 17-1 at 1. Tepale's counsel will receive approximately one third of the total settlement amount for attorneys' fees and costs ($7,840.66).  Doc. 17 at 2.  After attorneys' fees and costs, Tepale will receive $16,159.34.

Tepale estimates that he is entitled to a total of $33,248.81 in unpaid overtime and minimum wage damages.  Doc. 17 at 2.  In support of his calculations, Tepale has included a breakdown of his wages from July 12, 2015 through March 16, 2020, which is "based upon preliminary information and [his] expected testimony" and "was prepared without the benefit of discovery, or the benefit of Defendants' required wage and hour records under the FLSA and NYLL."  *See* Doc. 17-2 at 1–2.  He calculates that he is owed $33,248.81 in total unpaid wages

and overtime compensation; $33,248.81 in liquidated damages on wages and overtime compensation; $10,000 in damages for invalid wage notices and invalid wage statements; $12,930.98 in pre-judgment interest on wages; and $335 in withheld wages. *Id.* Therefore, Tepale's calculations resulted in a total amount of $89,763.59. *Id.* at 2. Thus, under the terms of the settlement, Tepale would recover approximately 18% of his total recovery. Ordinarily, courts in this District reject agreements that propose settlement amounts that represent a low percentage of a plaintiff's proposed maximum recovery. *See Villanueva v. 179 Third Ave. Rest Inc.*, No. 16 Civ. 8782 (AJN), 2018 WL 3392870, at *2 (S.D.N.Y. July 12, 2018) (rejecting proposed settlement agreement where award to plaintiff represented 5.32% of estimated maximum recovery); *see also Khan v. Young Adult Inst., Inc.*, No. 18 Civ. 2824 (HBP), 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018) (collecting cases of reasonable FLSA settlements ranging from 25% to 40% of plaintiff's maximum recovery).

In the instant case, however, the proposed amount is fair and reasonable. There is value to Tepale receiving a settlement without experiencing the risks and delays inherent in litigation. Furthermore, Tepale's counsel notes that there were sharply contested factual and legal disputes that went to the heart of his claims and that Defendants produced records purportedly showing the number of hours he worked and the wages he received. Doc. 17 at 2. Tepale believes the settlement is reasonable in light of these uncertainties. *Id.*

"Furthermore, the adversarial nature of a litigated FLSA case is typically an adequate indicator of the fairness of the settlement, and '[i]f the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.'" *Palma Flores v. M Culinary Concepts, Inc.*, No. 19 Civ. 1229 (ER), 2019 WL 6683827, at *2 (S.D.N.Y. Dec. 6, 2019) (citation omitted). In light of the aforementioned uncertainties and the risk of litigation,

the settlement resolves bona fide disputes and reflects a reasonable compromise that fairly compensates Tepale. *See Garcia v. Good for Life by 81, Inc.*, No. 17 Civ. 7228 (BCM), 2018 WL 3559171, at *2 (S.D.N.Y. July 12, 2018) (concluding that settlement amount was a "reasonable compromise of disputed issues" (citation omitted)). Finally, this settlement resulted from arm's length negotiations at a court-ordered mediation. Doc. 17 at 1; Doc. 16.

Accordingly, the Court finds that the proposed settlement amount is fair and reasonable. *See Hernandez v. Vill. Nat. Rest. Corp.*, No. 19 Civ. 8378 (ER), 2020 WL 5518314, at *2 (S.D.N.Y. Sept. 14, 2020) (finding that settlement amount was fair and reasonable where it represented 13.6% of plaintiff's maximum possible recovery); *Palma Flores*, 2019 WL 6683827, at *2 (holding that settlement was fair and reasonable where settlement amount was 6.98% of estimated maximum recovery).

### B.    Attorneys' Fees & Costs

The Court finds the proposed attorneys' fees and costs to be reasonable. Tepale's counsel will receive $7,840.66 for attorneys' fees and costs, which is approximately one third of the settlement. Doc. 17 at 2. This is a reasonable percentage, as "courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019) (citation omitted). Nonetheless, "even when the proposed fees do not exceed one third of the total settlement amount, courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Id.* "The lodestar amount is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Id.* (quoting *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11 Civ. 3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)).

Tepale's counsel, Michael Faillace, the former managing member, and Catalina Sojo, the managing partner, has submitted billing records indicating a rate of $450 per hour and $350 per hour, respectively. Doc. 17 at 3; Doc. 17-3. As to the managing member, courts have held that an hourly rate of $450 is "the prevailing maximum rate in the Southern District." *Ochoa v. Prince Deli Grocery Corp.*, No. 18 Civ. 9417 (ER), 2021 WL 5235222, at *2 (S.D.N.Y. Nov. 8, 2021); *see Ramirez v. AAM Rest. LLC*, No. 20 Civ. 4700 (VSB), 2021 WL 4238170, at *3 (S.D.N.Y. Aug. 2, 2021) (approving proposed hourly rate of $450 for Faillace); *Rodriguez v. 3551 Realty Co.*, No. 17 Civ. 6553 (WHP), 2017 WL 5054728, at *3 (S.D.N.Y. Nov. 2, 2017) (stating that although hourly rates of $450 for partners and $350 for associates "are somewhat higher than the presumptively reasonable rates in this District, they are not beyond the pale"). Therefore, the Court finds that the managing member's hourly rate of $450 is reasonable.

As to the managing partner, the Court finds that her hourly rate of $350 is reasonable. *See, e.g.*, *Camargo v. Good Nature, Inc.*, No. 21 Civ. 8522 (JW), 2022 WL 874706, at *3 (S.D.N.Y. Mar. 24, 2022) (approving of the proposed hourly rate of $350 for Sojo).

As to the unidentified individual with the initials "PL" who is presumably a paralegal based on the work they performed and the rate they billed, Tepale has not stated this individual's role and relevant experience. "[C]ourts are generally more skeptical of requested hourly rates when the applicant fails to provide information about the backgrounds of the relevant attorneys and paralegals." *Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 28 (S.D.N.Y. 2015). Nonetheless, "[h]ourly rates for paralegals of $100 to $150 per hour are typical for awards in this [d]istrict." *Diaz-Caballero v. Midtown Catch Corp.*, No. 18 Civ. 4672 (AT), 2020 WL 8880944, at *2 (S.D.N.Y. Apr. 15, 2020) (alterations in original) (citation omitted) (finding that the unidentified party labeled "PL" was a paralegal and holding that the requested hourly rate of

5

$100 was reasonable); *see also Quic v. Uncle Mario's Brick Over Pizza LLC*, No. 20 Civ. 8712 (RA), 2021 WL 4710794, at *2 (S.D.N.Y. Oct. 7, 2021) (approving proposed hourly rate of $125 for individual with initials "PL" from same firm). Therefore, the Court finds that the paralegal's hourly rate of $125 is reasonable.

The records submitted by Tepale's counsel show that the managing member spent 2.1 hours on the case at a $450 hourly rate, resulting in a lodestar of $945; the managing partner spent 17.2 hours on the case at a $350 hourly rate, resulting in a lodestar of $6,020; and the individual with the initials "PL" spent 7.4 hours on the case at a $125 hourly rate, resulting in a lodestar of $925. Doc. 17-3. Therefore, counsel's total lodestar is $7,890. *Id.* Tepale's counsel seeks $7,840.66 in attorneys' fees and costs, $478 of which are costs for a filing fee and process server fee. *See id.* at 3. The lodestar of $7,890, compared to the requested $7,362.66 of the settlement (net of costs), results in a lodestar multiplier (net of costs) of approximately 0.93. "[A] multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014). Accordingly, the Court accepts the multiplier of 0.93 and determines $7,362.66 in attorneys' fees to be reasonable under the circumstances. The Court further finds that the requested costs of $478 are also reasonable.

### C. Other Provisions

The Court finds all other provisions of the settlement to be fair and reasonable, as it includes no objectionable releases or non-disparagement or confidentiality provisions. *See Doe v. Solera Capital LLC*, No. 18 Civ. 1769 (ER), 2021 WL 568806, at *1 (S.D.N.Y. Jan. 20, 2021). With respect to the parties' obligations under the agreement, the release appropriately discharges only claims and causes of action which have occurred as of the date that the parties executed the

agreement, relating specifically and solely to the allegations that were raised or could have been raised in this action. Doc. 17-1 at 2–3; *see Quic*, 2021 WL 4710794, at *2 ("This release of claims is limited to the wage-and-hour issues asserted in this action or related claims that could have been asserted."); *Solera Capital LLC*, 2021 WL 568806, at *1 ("factors that preclude approval include the presence of an overly broad release that waives claims beyond those related to wage-and-hour issues"); *Nights of Cabiria, LLC*, 96 F. Supp. 3d at 181 (finding that courts typically reject broad releases that "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues").

### III. CONCLUSION

The Court finds that the proposed settlement agreement is fair and reasonable and approves the agreement. The Clerk of Court is respectfully directed to terminate the motion, Doc. 17, and close the case.

It is SO ORDERED.

Dated:  April 21, 2022
        New York, New York

                                                                EDGARDO RAMOS, U.S.D.J.